# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES WILMOTH and KENT VASSEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CELADON TRUCKING SERVICES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

CAUSE NO. 1:14-cv-2082-WTL-MJD

## ENTRY ON MOTION TO REMAND

This cause is before the Court on the Plaintiffs' motion to remand (Dkt. No. 6). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

In this class action breach of contract case, the Plaintiffs are a class of independent owner/operator truck drivers who entered into a lease agreement with the Defendant, a publicly-traded transportation company. Under the lease agreement, the parties agreed that the Defendant could withhold compensation for a driver for, among other things, charges and deductions authorized by the driver. The Plaintiffs assert that the Defendant withheld more money from their compensation than the Defendant actually paid for fuel purchases in breach of the lease agreement. The Plaintiffs assert that the Defendant owes them $3,805,836.00, plus prejudgment interest in the amount of $1,721,423.64.

The case was originally filed in Marion County Superior Court No. 7 on October 1, 2013. The complaint stated that the proposed class action sought actual damages and an award of prejudgment interest. On April 23, 2014, the state court certified the class. In its summary

1

judgment brief, the class reaffirmed that it sought $3,805,836.00 in actual damages. The Plaintiffs sent the Defendant a confidential letter on November 21, 2014, stating that the actual damages were $3,805,836.00, and class counsel estimated that the class was entitled to prejudgment interest in the amount of $1,721,424.64, for a total amount of damages of $5,527,260.64. Both parties filed cross-motions for summary judgment in state court, and a hearing on these motions was held on December 3, 2014. On December 12, 2014, the state court granted judgment for the Plaintiffs and against the Defendant for $3,805,836.00 plus prejudgment interest.

On December 19, 2014, the Defendant removed the action to this Court, asserting that the actual damages and prejudgment interest should be aggregated and, therefore, that the damages exceed the $5 million amount in controversy requirement under 28 U.S.C. § 1332(d) and 1453, the Class Action Fairness Act ("CAFA"). Therefore, they assert that there is complete diversity of citizenship and this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332.

In their motion to remand, the Plaintiffs argue that this Court lacks jurisdiction over this case because the Defendant has failed to establish that the case satisfies the $5 million amount in controversy required by the CAFA.[1] They argue that prejudgment interest cannot be considered in determining whether the action meets the $5 million jurisdictional threshold. The Court agrees.

28 U.S.C. § 1332(d)(2) provides, in pertinent part, that "[t]he district courts shall have

---

[1] The Plaintiffs also argue that the case should be remanded because the Defendant waived its right to remove the case by participating in the hearing on the cross-motions for summary judgment and that the removal is untimely under 28 U.S.C. § 1446(b). Since the motion to remand is being granted on other grounds, the Court need not address these other arguments.

original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, *exclusive* of interest and costs[.]" (emphasis added). This exclusion of prejudgment interest from the amount in controversy under the CAFA has recently been reaffirmed by two cases. In *Knowles v. Standard Fire Ins. Co.*, No. 4:11-cv-04044, 2013 WL 3968490 (W.D. Ark. Aug. 2, 2013), the court was tasked with interpreting the CAFA in order to rule on a motion to remand similar to the one at bar. In *Knowles*, the court held that under the CAFA, "the amount in controversy must be determined 'exclusive of interests and costs'" and "prejudgment interest must therefore be excluded from the base calculation of contract damages." *Id*. at *7 (internal citations omitted). Similarly, in *Goodner v. Clayton Homes, Inc.*, No. 4:12-cv-4001, 2014 WL 4722748 (W.D. Ark. Sept. 23, 2014), the court held that "according to the CAFA statute, the amount in controversy must be determined 'exclusive of interest and costs'" and "the Court, therefore, will exclude prejudgment interest from the amount in controversy calculation." *Id.* at *3 (internal citations omitted). The Court finds this reasoning to be persuasive.

In its response, however, the Defendant cites *Brown v. Webster*, 156 U.S. 328 (1895), a Supreme Court case that noted the distinction between "interest as such," which cannot be included in the amount in controversy, and interest "as an instrumentality in arriving at the amount of damages to be awarded on the principal demand," which should be included when determining the amount in controversy. *Id*. at 329. Based on *Brown*, the Defendant argues that the interest claimed by the Plaintiffs in this case is instrumental at arriving at the amount of damages to be awarded and is, therefore, an "essential ingredient" of the claim that should be included in determining the amount in controversy. The Court does not agree.

In *Principal Mut. Life. Ins. Co v. Juntunen*, 838 F.2d 942 (7th Cir. 1988), the Seventh

3

Circuit was tasked with determining whether interest payable on a life insurance policy should be considered in determining whether the insurer satisfied the amount in controversy requirement for diversity jurisdiction. The Seventh Circuit relied on *Velez v. Crown Life Ins. Co.*, 599 F.2d. 471 (1st Cir. 1979), which held that interest that becomes due because of a *delay in payment* is considered "interest as such" under *Brown* and, thus, should be exclude from the amount in controversy requirement. Applying this reasoning, the Seventh Circuit declined to include interest in determining the amount in controversy.

This is further supported by *Tri-State Refractories Corp. v. Certified Industrial Technologies*, No. EV 99-0014-CH/H, 2001 WL 388871 (S.D. Ind. Mar. 9, 2001). The plaintiff in *Tri-State* relied on *Brown*, arguing that prejudgment interest was properly included in the amount in controversy. However, the court found that this argument "stretches *Brown* beyond recognition" and "would if accepted, effectively nullify the statutory language excluding interest from the amount of controversy." *Id*. at *3. The court noted that the plaintiff "could reach the required amount in controversy only by including interest resulting solely from 'delay in payment,' which *Principal Mutual Life* held may not be counted toward the amount." *Id.*

This Court agrees that the interest owed to the Plaintiffs in this case is due because the Defendant delayed payments. The prejudgment interest, therefore, is not an essential ingredient of the Plaintiffs' claim under *Brown* and cannot be included in the amount in controversy. Because the amount in controversy is not met, this Court lacks subject matter jurisdiction over this case and removal was improper. Accordingly, the Plaintiff's motion to remand (Dkt. No. 6) is **GRANTED**. This case is **ORDERED REMANDED** to Marion County Superior Court. **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Marion County Superior Court.**

SO ORDERED: 4/6/15

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication